HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KELLY A. SRSEN, <br><br> Plaintiff, <br><br> v. <br><br> STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, <br><br> Defendant. | CASE NO. C14-5676 RBL <br><br> ORDER GRANTING MOTION TO REMAND <br><br> [DKT. #15] |

## I.   INTRODUCTION

THIS MATTER is before the Court on Plaintiff Kelly Srsen's Motion to Remand [Dkt. # 11]. In 2013, Srsen sued State Farm in Thurston County Superior Court, seeking underinsured motorist benefits for injuries she sustained in an automobile accident. State Farm offered her nothing. She obtained a $1.6 million jury verdict, and amended her complaint to assert an extra-contractual bad faith (IFCA) claim based on State Farm's offer of "substantially less than she ultimately recovered." State Farm removed the case in August 2014—less than 30 days after the IFCA claim was added, but far more than 30 days after the suit was filed.

ORDER - 1

Srsen claims that removal was not timely: the parties were diverse and the amount in controversy exceeded $75,000 when she sued in 2013. She argues that State Farm chose not to remove the case originally, and waived its opportunity to do so.  She asserts that adding the IFCA claim does not reopen State Farm's window to remove the case. She also argues that because the new claim arises out of the "same transactional nucleus of facts" as her original claim—the same argument State Farm made in opposing the post-verdict amendment in the first place—State Farm is judicially estopped from claiming that the case now is sufficiently distinct from the original UIM claim to warrant removal.  *See* Dkt. # 11 at 8.

State Farm argues that Srsen's IFCA claim "revived" its removal window because it essentially created a new lawsuit.  It also argues that its position in state court is not contradictory to its current position.

## II.    DISCUSSION

The party asserting federal jurisdiction has the burden of proof on a motion to remand to state court.  *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992).  The removal statute is strictly construed against removal jurisdiction.  *Id.*.  The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing removal is proper.  *Conrad Associates v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998).  It is obligated to do so by a preponderance of the evidence.  *Id.* at 1199; *see also Gaus*, 980 F.2d at 567.  Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.  *Gaus*, 980 F.2d at 566.

A defendant has 30 days after they are initially served with the lawsuit to remove the case to federal court.  28 U.S.C. § 1446(b).  A little-used and hard-to-define "revival exception" to this strict time limit has occasionally been applied in other Circuits to permit a defendant a new

removal window where the "plaintiff files an amended complaint that so changes the nature of his action as to constitute 'substantially a new suit begun that day.'" *Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n,* 668 F.2d 962, 965 (7th Cir. 1982).  Even when the removal period is revived, the amendment must "change the original complaint so drastically that the purposes of the 30-day limitation would not be served by enforcing it." *Wilson,* 668 F.2d at 966. The court must undertake a case-by-case analysis, viewing the facts before it against the reasons for both the 30-day rule and the revival exception.  *MG Building Materials, Ltd. v. Paychex, Inc.*, 841 F.Supp.2d 740, 747 (W.D.N.Y. 2012).

      State Farm argues that Srsen's amendment so drastically changed the case that it opened a new removal window.  As an initial matter, there is not a single opinion in this Circuit holding that the removal window is "revived" when a new claim is added to a case that was removable when it was filed.  In fact, the Ninth Circuit rejected its opportunity to recognize the "revival exception." *Kuxhausen v. BMW Financial Services NA LLC*, 707 F.3d 1136, 1142 n. 5 (9th Cir. 2013).  Even the few, out of circuit opinions that recognize this unwritten exception cannot reduce it to a workable rule.  *E.g. Wilson,* 668 F.2d at 966 ("The issue does not lend itself to decision by verbal talismans."); *MG Building,* 841 F. Supp. 2d at 747 ("There is no litmus test."). Indeed, the exception flatly contradicts § 1446(b)'s plain language.

      It is far from clear that even a "drastic" amendment necessarily triggers a new removal opportunity where the case was removable initially and the defendant declines to do so. In *MG Building*, a rare case allowing revival, amendments drastically transformed a "two-plaintiff case involving less than $170,000 in damages, to a class action involving many thousands of putative class members, and billions of dollars in damages." *MG Building*, 841 F.Supp.2d at 746.  The *MG Building* court found that the parties had merely been "skirmishing over preliminary

matters" in state court and the defendant did not "'see how [it] was faring in state court' before seeking removal." *Id.* at 748.  More typically, the amendment is not drastic enough.  In *Dunn v. Gaiam, Inc.*, 166 F.Supp.2d 1273 (C.D. Cal. 2001), the amended complaint added ten new claims and five new parties in a breach of contract case.  The court found that the additional claims "intersect in various ways with the allegations underpinning the contract claim(s)" and refused to apply the "revival exception" to permit the defendant an additional removal window.  *Dunn,* 166 F.Supp.2d at 1279.

State Farm argues that the IFCA amendment "drastically" changed the suit into an entirely new litigation. It argues that several district courts in the Circuit have recognized the revival exception and urges this Court to be the first to apply it, and to allow State Farm a new removal window.  It argues that the IFCA claim fundamentally changes the nature of the lawsuit: a new cause of action, new factual allegations, a different legal theory, different requests for relief, and a new trial calendar.  State Farm claims the sum of these changes equal a new lawsuit, giving it a new removal opportunity.

Srsen argues that this Circuit does not recognize the revival exception, and even if it did, her amendment did not drastically change the nature of the case.  The case was removable from the moment it was filed, and State Farm chose not to do so.  Srsen argues that State Farm is using this late removal to escape state court, after she already successfully brought her UIM claim there.  Srsen's IFCA claim was added over State Farm's objection—it argued that the claim should have been brought earlier[1] because it was based on the "same transactional nucleus of

---

[1] The IFCA claim is based on the fact that State Farm offered Srsen "substantially less than she ultimately recovered" from the jury.  This evaluation of the amount offered necessarily requires the parties and the court to know what she "ultimately recovered."  It is true that Srsen could have proactively, hopefully asserted an IFCA claim at the beginning, but the viability of

facts" as the UIM claim to successfully defeat Srsen's attempt to add negligence and Consumer Protection Act claims. As Srsen colorfully points out, this position is flatly contrary to the position State Farm is taking here.

Based on this fact, Srsen argues that State Farm is judicially estopped from asserting that adding the IFCA claim makes this "an entirely new case." Judicial estoppel bars a party from saying one thing in court, profiting by it, and then trying to say the opposite, to profit again. *Hamilton v. State Farm Fire & Cas. Co.,* 270 F.3d 778, 782 (9th Cir. 2001). State Farm's current claim that the case is brand new is inconsistent with its prior claim that Srsen should have brought the claim earlier and should not be permitted to bring it after the verdict, at all.

Srsen's amendment does not warrant applying the revival exception. Even if this Circuit recognized it, the amendment did not drastically change the lawsuit. Both the UIM and IFCA claims arise from State Farm's behavior with Srsen after the accident. Srsen's amended complaint adds facts and allegations about State Farm's payment rejections, and seeks relief based on them. It does not matter that a new trial calendar is necessary for the bad faith claim. If Srsen amended the complaint prior to the state court trial, the trial judge could have developed a new trial calendar then. Unlike *MG Building*, Srsen has already litigated—and won—a significant portion of her claims in state court before State Farm attempted removal.

Judicial estoppel also precludes State Farm's current position. Even if the IFCA claim is so different that it is a new lawsuit (which it is not), State Farm's state court position that it was interrelated with the UIM claim closed the door on its current position.

Srsen's Motion to Remand is therefore GRANTED.

---

that claim necessarily depends (at least in part) on the jury's verdict. It seems at least as reasonable to assert the claim *after* the verdict as it does to assert it initially, without knowing what amount was "ultimately recovered."

### III.   CONCLUSION

This case is REMANDED to the Thurston County Superior Court, and the Clerk shall send a copy of this Order to the Clerk of that Court.

The Court will not award fees or costs to any party.

IT IS SO ORDERED.

Dated this 13th day of November, 2014.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE